21971. DORETY v. THE STATE.

DECIDED FEBRUARY 17, 1932.

*C. L. Cowart,* for plaintiff in error.

*J. T. Grice, solicitor-general,* contra.

LUKE, J. The accused was convicted of manufacturing whisky, moved for a new trial on the general grounds and on the ground of newly discovered evidence, and excepts to the judgment overruling that motion. A part of the proposed new evidence is proof of an alibi, to be made by persons with whom he was fishing and by whom he was seen fishing, at a point several miles from the scene of the alleged crime and at the hour the still was discovered in operation by the officers. While the alleged date is October 15, 1930, and the proved date is September 5, 1930, and while the evidence as to his alibi relates to the latter date and is clear and explicit, and while the accused makes affidavit that "he did not know of the existence of the evidence contained in said affidavits until after the verdict was rendered against him," accompanying it with all the other affidavits required by law, yet in his statement to the jury he admitted learning of the raid upon the whisky still immediately upon his return home from fishing on the same day the raid was made, when he must have known where he had been and who were his companions; and, although the indictment was returned on March 2, 1931, and he was not put upon his trial until September 11, 1931, he wholly fails to show any effort on his part, or any reason for his lack of effort, to have his witnesses present and make his proof of alibi upon the trial already had. The other new evidence proposed to be offered at another trial consists of the testimony of a son of the accused, to the effect that he was the person seen by the officers at the whisky still, and that he was by them mistaken for his father; but, aside from the father's sworn conclusion quoted above, nothing appears to show when the father first learned that his son would so testify or why the son's testimony was not offered at the former trial.

The evidence adduced upon the trial abundantly authorized the verdict; and since the court was not bound to accept the movant's conclusion as set out above with respect to his own diligence in procuring his witnesses at the former trial, and since one of the alleged companions of the accused on his fishing trip declined to testify that the accused was in the party, the judgment overruling the motion for a new trial was not erroneous.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*